Spencer *v.* DeFrance.

*Slagle & Acheson* and *G. G. Wright*, for defendant.

————•◦•————

## Spencer *v.* De France.

A jury was passed upon, and accepted by both parties in the evening, whereupon the court adjourned, and the jurors separated ; in the morning the plaintiff challenged one of the jurors ; held that it was error to refuse him this privilege under the circumstances.

The right of challenge may be exercised until the jurors are sworn.

Spencer *v.* DeFrance.

ERROR *to Jefferson District Court.*

*Opinion by* KINNEY, J. This cause was before the supreme court at the June term, 1850, and the judgment below reversed because of error in the instructions of the court to the jury. It was remanded for trial *de novo* and a jury was called, passed upon, and accepted by both parties. When the oath was about being administered, a question was raised in relation to leaving out a co-defendant, Kearns, in the oath to the jury; whereupon the court adjourned until morning. In the morning, when the jury were again called upon to take the oath, the plaintiff challenged one of the jurors without assigning cause, and the court refused to allow the challenge, as being irregular and out of time, and directed the jury to be sworn, which is the only error worthy of consideration in the record.

The question presented by the assignment of error is, may a party who has not exhausted his peremptory challenge, exercise the right up to the very moment the jury is called upon to take the oath?

However, after a party has once accepted a jury and there is no separation of the jury, or intermission of the court between such acceptance and the time the jury are called upon to take the oath, the party then objecting should advance some substantial reason why he did not, at the usual time avail himself of his peremptory challenge.

If the party has been taken by surprise by hastily accepting the jury, and if upon further reflection he becomes satisfied that there is a partial or prejudiced mind in the box, or if with unusual haste he has been forced to accept the jury, without having had proper time for reflection, or consultation, in furtherance of justice, we think the court should permit the party to exercise his peremptory challenge. Of course good care should be taken that the party

N

in raising the objection, after having signified his willingness to take the jury, is actuated by pure motives, and not by a mere disposition to disturb the pannel and delay the trial of the cause.

But if the jury become separated after they are empanneled and accepted, and thrown into positions, where they are liable to become impressed with the feelings and sentiments of designing men, we think counsel have a right to an unrestrained exercise of their challenge up to the very moment that the jury are required to take the oath.

In this case, in the evening the party was satisfied with the jury, but circumstances and influences may have changed them, so that in the morning some of them may have been quite different in their feelings from what they were the evening previous. They had not taken upon themselves the obligations of an oath, and hence under none of those restraints which honest jurors feel when duly elected and sworn to sit and decide upon the rights of their fellow men. They were not jurors at all until the oath was administered, and hence perfectly accessible to any one base enough to attempt to poison their minds relative to the merits of the case they had been empanneled to try.

Possibly some facts came to the knowledge of the party which would not constitute a good challenge for cause, but which would no less render them improper jurors to try the issue between the parties. Justice, the purity of jury trials, the importance of a correct and unbiased verdict, all unite in favor of the practice contended for by the counsel, for plaintiff in error.

It was error therefore, in the court, to refuse the challenge, and as we do not discover any other error in the record, the judgment is reversed upon this point, and a trial *de novo* awarded.

Judgment reversed.

*Geo. G. Wright* and *S. Clinton*, for plaintiff in error.
*Slagle & Acheson* and *C. Negus* for defendant.